**S. & S. CORRUGATED PAPER MACHINERY CO., Inc., v. GEORGE W. SWIFT, JR., Inc.**

**No. C–5659.**

District Court, D. New Jersey.

July 23, 1945.

356

Osborne, Cornish & Scheck, of Newark, N. J., for plaintiff.

Thorn Lord, U. S. Atty., by I. Edward Amada, Asst. U. S. Atty., both of Newark, N. J., for defendant.

FORMAN, District Judge.

The clerk of this court called upon the plaintiff herein to pay the sum of 50 cents, pursuant to the provisions of the following statute passed by Congress on February 18, 1922:

"* * * And it shall be the duty of the clerks of such courts within one month after the filing of any action, suit, or proceeding arising under the patent laws to give notice thereof in writing to the Commissioner of Patents, setting forth in order so far as known the names and addresses of the litigants, names of the inventors, and the designating number or numbers of the patent or patents upon which the action, suit, or proceeding has been brought, and in the event any other patent or patents be subsequently included in the action, suit, or proceeding by amendment, answer, cross bill, or other pleading, the clerk shall give like notice thereof to the Commissioner of Patents, and within one month after the decision is rendered or a decree issued the clerk of the court shall give notice thereof to the Commissioner of Patents, and it shall be the duty of the Commissioner of Patents on receipt of such notice forthwith to indorse the same upon the file wrapper of the said patent or patents and to incorporate the same·as a part of the contents of said file or file wrapper; and for each notice required to be furnished to the Commissioner of Patents in compliance herewith a fee of 50 cents shall be taxed by the clerk as costs of suit." 35 U.S.C.A. § 70.

The plaintiff declined to pay the fee requested and the issue of the legality of the request of the clerk is before the court.

In § 1285 of its volume of Instructions to United States Attorneys, Marshals, Clerks, and Commissioners, under date of October 1, 1929, the Department of Justice refers specifically to the above enactment. In § 1286 of said volume it comments as follows:

"The interests of the Government have been seriously impaired by the nonobservance, on the part of certain clerks, of the provisions of the above quoted law. It is therefore requested that clerks take such action as will insure the making of prompt reports to the Commissioner of Patents in accordance with the terms of the statute. The fee of 50 cents for each notice to the Commissioner of Patents should be collected and accounted for as an earning of the clerk's office."

Thereupon the clerk of the court filed a petition herein setting forth the refusal of the plaintiff to comply with his demand for the payment of the fee and the interest of the Department of Justice in its collection. He applied for an order directing the plaintiff to show cause why it should not be required to pay the fee. Such an order was made and served upon it and in order that the Department of Justice could, if it desired, protect its expressed position as to the collection thereof, a copy of said order was served upon the United States Attorney for this District.

Upon the return of the said order to show cause the plaintiff insisted that the clerk was confined to the collection of a fee of $15 "for all services to be performed by him in such case or proceeding * * *" as provided by the Flat Fee Act of 1944. 28 U.S.C.A. § 549 et seq.

The United States Attorney appeared for the Department of Justice and stated that it had no position to take in the matter at this time.

Subsequent to the enactment authorizing the fee of 50 cents in 1922, Congress passed a fee bill in 1925, the first section of which was as follows:

"The fees provided for in sections 549 to 555 of this chapter, and no other, shall be charged and collected by clerks of the district courts of· the United States for services performed by them or their assistants. The United States shall not be required to pay any sum or fee herein provided for."* 28 U.S.C.A. § 548.

---

* The original enactment was in the following language:

"That the fees hereinafter provided for, and no other, shall be charged and col-

In 1944 Congress consolidated certain fees and changed others, in what is known as the Flat Fee Act, supra, referred to by plaintiff as subjecting it to a cost of $15 only.

In the Act of February 18, 1922, supra, it is apparent that Congress intended that the clerk of the court should be entitled to the sum of 50 cents as a fee for furnishing to the Commissioner of Patents information concerning litigation in that field instituted in the court, but the clerk is authorized only to include such a fee in the costs of the suit as and when they are taxed. Under the Act of 1925, supra, the clerk of the court was limited to the collection of certain fees as designated in that Act in cases filed in the court. No provision is made for the charge of 50 cents for furnishing information to the Commissioner of Patents and it appears that Congress intended that no other fees should be charged by the clerk in cases except those enumerated in the Act of 1925. The intent of Congress to limit the fees to be collected by the clerk is made clear in the first sentence of section 1 of the Act of February 11, 1925, c. 204, as previously set forth herein, wherein it is provided that the clerks of the United States District Courts or their assistants shall not charge or collect costs in cases in the court other than those enumerated in the succeeding paragraphs of that legislation. The fee in question is not provided for thereafter nor is it excepted in any proviso in the Act.

Under the Act of 1922 the clerk was authorized to collect the fee of 50 cents by including it in the taxed bill of costs. This he could only do at such a point in each case where one of the parties to the litigation had prevailed so as to entitle him to have the costs taxed against the losing party. The ultimate collection of the 50 cents fee in question by the clerk is of great uncertainty because of the fact that in practice costs are not finally taxed in many patent cases and the collection of the fee therefore becomes suspended leaving the clerk liable therefor with no recourse for its collection. The effort at collection and bookkeeping relative thereto is altogether out of proportion to the 50 cents fee which the clerk was authorized to charge.

In the case at bar the demand of the clerk upon the plaintiff is premature because only the complaint has been filed herein and the case is not yet at issue. Hence no costs may be taxed as yet. However, since the practice involved has been questioned and the clerk is left unguided as to his position it is deemed well to consider the matter upon its merits as if the demand had been made after the taxation of costs.

█ We hold that the Act of 1925, supra, repealed the right of the clerk of the court to make any charge for furnishing the Commissioner of Patents with the required information. This view is supported when the original language of the Act of 1925, 28 U.S.C.A. § 548, is noted. It is set forth heretofore in a note as it appears in the Statutes at Large, 43 Stat. 857, and contains the distinct proviso "that all laws or parts of laws inconsistent or repugnant to the provisions of this Act are hereby repealed." A charge of 50 cents, as authorized under the 1922 law would be inconsistent with and repugnant to the provisions of the 1925 legislation.

The Flat Fee Bill of 1944, supra, by consolidating fees and costs in cases before the District Court, took a forward step in relieving litigants of multiple payments of costs and reduced accounting processes of the clerk of the court. The policy it represents is an affirmation that the legislation of 1925 was designed to limit all costs of litigation by the clerk to those specified therein or specifically excepted by it.

█ This, however, must not reflect in any way upon the importance of the Information required by the statute to be given by the clerk of the court to the Commissioner of Patents so that office may be furnished promptly with information concerning the state of litigation in the courts involving patents. This service must con-

lected by clerks of the district courts of the United States for services performed by them or their assistants: Provided, That all laws or parts of laws inconsistent or repugnant to the provisions of this Act are hereby repealed; but nothing in this Act shall repeal or in any way enlarge or modify the provisions of the Act of July 20, 1892 (Twenty-seventh United States Statutes at Large, page 252), as amended by the Act of June 25, 1910, (Thirty-sixth United States Statutes at Large, page 866), and the Act of June 27, 1922 (Forty-second United States Statutes at Large, page 666): Provided further, That the United States shall not be required to pay any sum or fee herein provided for." 43 Stat. 857.

tinue to be rendered by the clerk, but without authority to charge a fee therefor.

The order to show cause herein will be discharged.